UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN MCKINNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0178-CVE-TLW |
| ) | |
| DOYLE & LINDA, INC., an Oklahoma ) | |
| Corporation, d/b/a Wayne's Body Shop, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Doyle & Linda, Inc.'s Motion to Strike Request for Monetary Relief and Jury Demand (Dkt. # 8). Plaintiff filed a complaint asserting a claim arising under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Plaintiff alleges that his employment was terminated for exercising rights conferred by ERISA. In his complaint, plaintiff demands a jury trial and seeks actual and punitive damages. Defendant moves to strike plaintiff's jury demand and request for damages.

**I.**

Until March 19, 2009, plaintiff was employed by defendant Doyle & Linda, Inc., an Oklahoma corporation, doing business as Wayne's Body Shop. Dkt. # 2, at 1. Plaintiff was covered by an ERISA-governed pension plan, known as a Simple IRA. Id. Defendant would withhold money from plaintiff's paycheck and partially match plaintiff's contributions to his Simple IRA. Id. Early in 2009, plaintiff learned that funds had been withheld from his check, but not paid into his IRA. Id. at 2. Plaintiff brought the issue to defendant's attention and defendant deposited the funds into the IRA, without interest. Id. Plaintiff was subsequently discharged from the company.

Id. On April 1, 2009, plaintiff filed a complaint alleging that he was discharged for exercising his rights under ERISA. Id.

## II.

Plaintiff claims that his employment was terminated for exercising his right to benefits to which he was entitled under ERISA. Under ERISA, it is unlawful for an employer to "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. Violations of § 1140 take two forms: (1) "adverse action for exercising any right under a plan or ERISA" and (2) "interference with the attainment of any right under a plan or ERISA." Garratt v. Walker, 164 F.3d 1249, 1251 n. 1 (10th Cir. 1998). Plaintiff's remedies for an alleged violation of section 1140 are determined by reference to 29 U.S.C. § 1132(a)(3). Millsap v. McDonnell Douglas Corp., 368 F.3d 1246, 1247 (10th Cir. 2004) ("Section 502(a)(3) of ERISA provides the plan participant with his exclusive remedies for a § 510 violation."). Under § 1132(a)(3), the Court may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" or award "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). The Supreme Court has stated that relief under this section is limited to traditional equitable remedies, such as injunctive relief, mandamus, and restitution, but a court does not have the authority to award compensatory damages. Mertens v. Hewitt Assoc., 508 U.S. 248, 263 (1993). Defendant moves to strike plaintiff's requests for a jury trial and for monetary damages.

A.   Jury Demand

Generally, when a plaintiff makes a jury demand in accordance with Federal Rule of Civil Procedure 38, the issues so demanded must be tried by jury unless, "the court, on motion or on its

own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Although ERISA does not specifically state whether a jury should be utilized to decide claims for relief, see Zimmerman v. Sloss Equip., Inc., 72 F.3d 822, 829 (10th Cir. 1995), it is well-settled in the Tenth Circuit that ERISA provides equitable relief only, and therefore plaintiff does not have the right to a jury trial on his ERISA claim. Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1158-59 (10th Cir. 1998) (holding that the relief granted by ERISA is equitable in nature and that plaintiffs are not entitled to a jury trial on ERISA claims); see also Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996-97 (9th Cir. 2000) (collecting citations discussing equitable nature of relief in ERISA cases). Other circuit courts that have considered the issue have also found that ERISA does not provide a plaintiff the right to a jury trial. Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251, 1257-59 (2d Cir. 1996); Cox v. Keystone Carbon Co., 861 F.2d 390, 394 (3d Cir. 1988); Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir. 1985); In re Vorpahl, 695 F.2d 318, 320-21 (6th Cir. 1982); Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980); Wardle v. Central States, Southeast and Southwest Areas Pension, 627 F.2d 820, 829 (7th Cir. 1980). Because the relief available to plaintiff under ERISA is equitable in nature, see infra, plaintiff has no Seventh Amendment right to a jury trial on his ERISA claim, and defendant's motion to strike plaintiff's jury demand should be granted.[1]

---

[1] Plaintiff argues that defendant's motion is moot because "the case is far from ready for a trail." Dkt. # 12. Plaintiff also contends that Federal Rule of Civil Procedure 54(c) precludes this Court from granting defendant's motion to strike his jury demand because the Court is "required to grant the relief warranted by the evidence, regardless of whether plaintiff pleads for it in his complaint of not." Id. Both of plaintiff's arguments are without merit.

B.     Monetary Relief

Defendant also asks the Court to strike plaintiff's requests for actual damages, punitive damages, front pay and last wages, and benefits. It is well-settled that "§ 502(a) provides the exclusive remedy for rights guaranteed under ERISA, including those provided by § 510." Millsap, 368 F.3d at 1250 (citing Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144 (1990)). With regard to plaintiff's claim for backpay, plaintiff argues that his backpay claim is equitable because it is intertwined with a request for reinstatement.[2] As a general matter, backpay is not available to an ERISA plaintiff. See Lind v. Aetna Health, Inc., 466 F.3d 1195, 1200 (10th Cir. 2006). However, in Millsap, the Tenth Circuit acknowledged that a request for backpay, when incidental to or intertwined with a request for reinstatement, may be awarded because reinstatement is a form of equitable relief. 368 F.3d at 1255-56. Here, the Court lacks sufficient facts to determine whether plaintiff's request for monetary damages is incidental to or intertwined with his request for reinstatement. While it is plausible that plaintiff could allege facts to show that his claim for backpay is incidental to or intertwined with his claim for reinstatement, at this time, plaintiff's pleadings do not contain sufficient facts. Accordingly, defendant's motion to strike plaintiff's request for backpay is granted.[3]

With regard to plaintiff's request for punitive damages, the Tenth Circuit has made clear that extra-contractual damages are not recoverable under ERISA. Zimmerman, 72 F. 3d at 827-29; see

---

[2]  Plaintiff also argues that backpay may be restitutionary. However, the Tenth Circuit in Millsap stated that "[a] backpay claim is not restitutionary because . . . the nature of the remedy is to compensate and not to prevent unjust enrichment. Millsap, 368 F.3d at 1255 n.9 (emphasis in original).

[3]  Plaintiff may refile his complaint if he can allege additional facts to support his request for backpay.

also <u>Moffett v. Halliburton Energy Services, Inc.</u>, 291 F. 3d 1227, 1234-35 (10th Cir. 2002); <u>Sage v. Automation, Inc. Pension Plan & Trust</u>, 845 F.2d 885, 888 n.2 (10th Cir. 1988) (punitive damages not an appropriate form of equitable relief). Accordingly, plaintiff is not entitled to punitive damages or any other relief other than what is provided for under ERISA, and defendant's motion to strike plaintiff's claim for punitive damages is granted.

**IT IS THEREFORE ORDERED** that defendant Doyle & Linda, Inc.'s Motion to Strike Request for Monetary Relief and Jury Demand (Dkt. # 8) is **granted**.

**IT IS FURTHER ORDERED** that a separate ERISA scheduling order is entered herewith.

**DATED** this 9th day of June, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT